OPINION
{¶ 1} Defendant-appellant Walter Emerson Jones [hereinafter appellant], appeals from the May 10, 2002, Judgment Entry by which the Stark County Court of Common Pleas overruled appellant's Motion for Relief from Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1997, appellant was convicted of one count of aggravated robbery, with a firearm specification. At the sentencing hearing, the trial court sentenced appellant to a four year term of imprisonment for the aggravated robbery conviction and a mandatory consecutive three year term for the firearm specification. However, the prison term for the aggravated robbery conviction was mistakenly entered as a seven year term in the Judgment Entry which memorialized the conviction and sentence. On May 1, 2001, the trial court sua sponte corrected the mistake and filed a Nunc Pro Tunc Judgment Entry stating that the prison term for the aggravated robbery charge was four years.
 {¶ 3} On April 29, 2002, appellant filed a Motion for Relief from Judgment, pursuant to Civ.R. 60(A), seeking to have the trial court correct the 1997 Judgment Entry through a Nunc Pro Tunc Judgment. By Judgment Entry filed May 10, 2002, the trial court overruled the motion.
 {¶ 4} It is from the May 10, 2002, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF WALTER E. JONES' RIGHT TO DUE PROCESS OF THE LAW WHEN IT ARBITRARILY OVERRULED HIS CIV. R. 60(A) MOTION TO ENTER A NUNC PRO TUNC ENTRY CORRECTING THE JUDGMENT EFFECTING THE SENTENCE ON EXECUTION IN THE CASE IN BAR."
 {¶ 6} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 7} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 8} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 9} In appellant's sole assignment of error, appellant seeks a nunc pro tunc correction to the 1997 Judgment Entry which incorrectly stated that appellant was sentenced to seven years instead of four years in prison for aggravated robbery. The relief which appellant seeks was previously granted by the trial court when it issued a Nunc Pro Tunc Judgment Entry on May 1, 2001. In that Nunc Pro Tunc Judgment, the trial court corrected the Judgment Entry, in relevant part, to state that appellant was sentenced to four years in prison for the aggravated robbery, rather than seven years in prison. Therefore, appellant's motion was moot. Accordingly, appellant's appeal is moot.
 {¶ 10} Therefore, appellants assignment of error is overruled as moot.
 {¶ 11} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
By Edwards, J., Gwin, P.J. and Farmer, J. concur.
Topic: Agg. Robbery — Motion for Relief